**WO**

**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Peter De Lamos, ) | No. CV-10-1654-PHX-FJM |
| ) | |
| Plaintiff, ) | **ORDER** |
| ) | |
| vs. ) | |
| ) | |
| Dennis Mastro, et al. ) | |
| ) | |
| Defendants. ) | |
| ) | |

We have before us defendant's motion to dismiss (doc. 6), plaintiff's response (doc. 7), and defendant's reply (doc. 8). We also have defendant's "Request for Oral Argument and Ruling on Motion to Dismiss" (doc. 17). This matter came before us after the United States District Court for the District of New Jersey granted defendant's motion to transfer, pursuant to 28 U.S.C. § 1404 (doc. 12). We now address defendant's unresolved motions to dismiss the fraud-based claims and to strike parts of plaintiff's complaint.

Plaintiff asserts claims for breach of fiduciary duty, accounting, conversion, unjust enrichment, theft, embezzlement, fraud, and civil conspiracy to commit fraud. Plaintiff's claims arise out of the parties' purchase and sale of Scott Park and Golf Center in Scottsdale, Arizona. According to plaintiff, when the parties bought the property, they agreed that plaintiff would own a 25% interest, defendant a 50% interest, and a third party, Oscar Goodman, a 25% interest. Plaintiff also claims he loaned defendant several hundred

1  thousand dollars to develop the property. In 1999, the City of Scottsdale acquired Scott Park
2  through eminent domain. Plaintiff alleges that defendant told plaintiff the proceeds of the
3  sale were $600,000, when they were actually $1,261,008.35, and that he hid the difference
4  by lying and altering documents. Plaintiff further alleges that defendant used the proceeds
5  from the property sale to buy other properties in Arizona and California, and that plaintiff is
6  entitled to an interest in these properties. Additionally, plaintiff claims defendant still owes
7  him repayment of the loans for the property development.

**I**

9  We first address plaintiff's inclusion of fictitious parties, which is not favored in
10 federal court. The naming of "John Doe" and "X and Y Corporations" defendants is
11 inconsistent with Rule 10(a), Fed. R. Civ. P., requiring that a complaint name all parties, and
12 also could ultimately violate Rule 4(m), Fed. R. Civ. P., mandating service of a complaint
13 within 120 days of filing. Generally, we may give plaintiffs an opportunity through
14 discovery to identify unknown defendants, "unless it is clear that discovery would not
15 uncover the identities, or that the complaint would be dismissed on other grounds."
16 Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999) (citation omitted).

17 Plaintiff gives no explanation as to how discovery will lead to the identification of the
18 unnamed parties. In his complaint, plaintiff states only that he believes that the unnamed
19 defendants "are responsible in some manner for the events and occurrences stated herein and
20 proximately caused damages to plaintiff as alleged in this complaint." Complaint, 2. In his
21 response, plaintiff adds that the "defendant have [sic] information and belief as to the
22 participation of member [sic] of the Mastro family participation in the allegations of the
23 complaint," and that fictitious individuals and corporations are named to preserve causes of
24 action. Response, 10. These generalized allegations shed no light on the basis for plaintiff's
25 belief about the involvement of other parties in the underlying dispute, nor provide any
26 insight into what role they might have played.

27 Additionally, plaintiff faces a heightened pleading requirement for his fraud claims
28 under Rule 9(b), Fed. R. Civ. P. "In the context of a fraud suit involving multiple defendants,

1  a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent
2  scheme." Swartz v. KPMG LLP, 476 F.3d 756, 765 (9th Cir. 2007). The role that the John
3  Doe and X and Y Corporations defendants allegedly played is entirely unclear, and plaintiff
4  gives no reason to believe discovery will provide any further clarification. Therefore, we
5  dismiss all claims against the fictitious defendants John Doe 1-12 and Corporations X and
6  Y.

**II**

8  Defendant contends that plaintiff's claims for fraud and civil conspiracy to commit
9  fraud should be dismissed for failure to satisfy Rule 9(b), Fed. R. Civ. P. The rule requires
10 that for "all averments of fraud or mistake, the circumstances constituting fraud or mistake
11 shall be stated with particularity." Fed. R. Civ. P. 9(b). Conclusory claims are insufficient;
12 rather, "allegations of fraud must be specific enough to give defendants notice of the
13 particular misconduct which is alleged to constitute the fraud charged so that they can defend
14 against the charge and not just deny that they have done anything wrong." Bly-Magee v.
15 California, 236 F.3d 1014, 1019 (9th Cir. 2001). "Averments of fraud must be accompanied
16 by the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy
17 Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). The averments must set forth not just the
18 facts of the transaction, but also explain "what is false or misleading about a statement, and
19 why it is false." Id.

20 Here, plaintiff's allegations provide sufficient notice of defendant's "particular
21 misconduct which is alleged to constitute the fraud." Bly-Magee, 236 F.3d at 1019.
22 Although parts of the complaint are difficult to comprehend, plaintiff has identified the who,
23 what, when, where, and how of defendant's alleged misconduct. See Vess, 317 F.3d at 1106.
24 Defendant Mastro is plainly the "who." The "what" concerns defendant's alleged misleading
25 plaintiff about the revenues from the sale of the Scott Park, as well as the refusal to repay
26 loans made to develop the property. The "when" and "where" are also clear: the sale
27 occurred in 1999, and the property is located in Scottsdale, Arizona. Prior to discovery, we
28 do not require plaintiff to know exactly how defendant executed the alleged fraud. But,

- 3 -

plaintiff does give some substance to his claims through the following allegations about defendant's conduct: (1) placement of the business entities' assets in the names of others in order to facilitate transactions and perpetuate frauds, Complaint, 3, ¶ 9; (2) fraudulent concealment of the amount of the proceeds from the sale of the golf complex through fraudulently obtained and notarized documents, Complaint, 6, ¶ 19; (3) fraudulent inducement of plaintiff to convey his shares of the property by misrepresenting the proceeds of the sale, Complaint, 6, ¶ 20; (4) fraudulent concealment of the amount from the sale of the complex, Complaint, 7, ¶ 22; (5) fraudulent retention of $135,000 owed to plaintiff from the sale of the golf complex; Complaint, 15, ¶ 37; and (6) fraudulent execution of refinancing agreements in connection with the restaurant business, Complaint, 16, ¶ 41.

We conclude that plaintiff's allegations sufficiently identify "the circumstances constituting fraud so that the defendant can prepare an adequate answer from the allegations." Odom v. Microsoft Corp., 486 F.3d 541, 553 (9th Cir. 2007). We therefore deny defendant's motion to dismiss plaintiff's fraud claims.

### III

Defendant also moves to strike certain allegations as immaterial, impertinent, and scandalous, pursuant to Rule 12(f)(2), Fed. R. Civ. P. Matter is immaterial if it has no essential or important relationship to the claim for relief. Fantasy, Inc. v. Fogerty, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517, 114 S.Ct. 1023 (1994). Statements are impertinent if they "do not pertain, and are not necessary, to the issues in question." Id. "Allegations may be stricken as scandalous if the matter bears no possible relation to the controversy or may cause the objecting party prejudice." Talbot v. Robert Matthews Distributing Co., 961 F.2d 654, 664 (7th Cir. 1992). "Superfluous historical allegations are a proper subject of a motion to strike." Fantasy, 984 F.2d at 1527.

Defendant claims that plaintiff's allegations regarding the parties' prior convictions and prisons terms, and regarding one of defendant's prior business deals, should be stricken. See Complaint, ¶¶ 27, 29, 30, 31, and 50. He contends that the allegations about the parties'

convictions, and resulting imprisonment, which date to the early 1980s, have nothing to do with the disputed property transaction, which happened at least 15 years later. Defendant also argues that allegations about his mobster connections are gratuitous, graphic, prejudicial, and are "ancient history." Similarly, defendant claims that plaintiff's allegation about a bond offering for which defendant failed to disclose his convictions is irrelevant, as the offering was not made to plaintiff. Plaintiff counters that the criminal history, which involves both plaintiff and defendant, is pertinent to understanding the close business relationship between them, and helps explain the trust that underscored their informal arrangements. Plaintiff characterizes the allegations as factual material that explains how the disputed transaction arose.

We conclude that the allegations about one of the parties' prior business deals and criminal history are impertinent and immaterial to the transaction currently in dispute. Pursuant to Rule 8(a), Fed. R. Civ. P., plaintiff's complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The historical allegations about past business and criminal convictions go well beyond this, without explaining "the essential or important relationship" to plaintiff's claims. Fantasy, 984 F.2d at 1527. These allegations are apparently connected to the instant dispute only insofar as they involve the same individuals. They do not provide any meaningful insight into how the alleged fraud might have occurred, and are therefore not necessary to support the claims.

We therefore grant in part defendant's motion to strike references to previous business transactions and criminal activity.

**IV**

**IT IS ORDERED DISMISSING** all claims against fictitious defendants John Doe 1-12 and Corporations X and Y.

**IT IS FURTHER ORDERED DENYING** defendant's motion to dismiss plaintiff's fraud claims (doc. 6).

**IT IS FURTHER ORDERED STRIKING** from plaintiff's complaint ¶ 27, insofar as it references criminal indictment and convictions; ¶ 29; the first sentence of ¶ 30 and the

- 5 -

1  first clause of the second sentence of ¶ 30 ("During the course of Mastro's prison sentence,");
2  the first clause of the first sentence of ¶ 31 ("In 1983 after both Peter de Lamos and Mastro
3  were out of incarceration,"); and ¶ 50 (doc. 1).
4      Having ruled on the remaining claims in defendant's motion to dismiss, defendant's
5  request for oral argument and additional briefing is moot.  Therefore, **IT IS ORDERED**
6  **DENYING** defendant's "Request for Oral Argument" and **GRANTING** defendant's request
7  for a "Ruling on Motion to Dismiss" (doc. 17).
8      DATED this 17th day of September, 2010.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge